

07 CV 6495

BANTLE & LEVY LLP
Lee F. Bantle (LB-7036)
817 Broadway
New York, New York 10003
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWARD KIRSHENBAUM,

              Plaintiff,

    -against-

JEWISH BOARD OF FAMILY AND
CHILDREN'S SERVICES, INC. AND
JBFCS SUPPLEMENTARY PENSION PLAN,

              Defendants.
------------------------------------------------------------X



**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

Plaintiff, Edward Kirshenbaum, by his attorneys Bantle & Levy LLP, alleges as follows for his Complaint:

### PRELIMINARY STATEMENT

1. This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et. seq., and for breach of contract, arising from: (1) defendant's failure to pay monies which are due and owing to plaintiff under a Supplementary Pension Plan in which Edward Kirshenbaum was a participant; and (2) defendant's failure to pay monies which are due and owing under a Settlement Agreement between the parties.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §

1391(b)(2) in that, throughout his tenure with defendant, Kirshenbaum was employed at the defendant's offices at 120 West 57th Street, New York, New York. The benefit plan at issue here was adopted by the Board of Directors at its office at 120 West 57th Street, New York, New York.

## PARTIES

4. Plaintiff, Edward Kirshenbaum, resides at 1253 Edcris Road, Yorktown Heights, New York. He is a participant in the JBFCS Supplementary Pension Plan.

5. Upon information and belief, defendant Jewish Board of Family and Children's Services, Inc. ("JBFCS" or the "Agency") is a not for profit corporation formed and existing under the laws of the State of New York, with its principal place of business at 120 West 57th Street, New York, New York.

6. Defendant JBFCS Supplementary Pension Plan (the "Plan") is a pension plan established by JBFCS for certain of its employees. The Plan is governed by ERISA.

## FACTUAL ALLEGATIONS

7. Plaintiff Edward Kirshenbaum commenced employment as Controller of Jewish Family Services in 1972.

8. Jewish Family Services merged with Jewish Board of Guardians in 1978. The new entity was named Jewish Board of Family and Children's Services, Inc. ("JBFCS"). Kirshenbaum continued his employment for the new entity as Controller.

## THE SUPPLEMENTARY PENSION PLAN

9. In 1973, the Jewish Board of Guardians established a supplementary pension plan for senior level executives and key employees.

10. The Jewish Board of Guardians' supplementary pension plan was renamed the

JBFCS Supplementary Pension Plan (the "Plan") upon the merger of Jewish Family Services and Jewish Board of Guardians in 1978.

11. The Plan is a defined contribution plan administered by a committee of the Board of Directors.

12. Kirshenbaum became a participant in the Plan in 1978.

13. JBFCS made contributions to the Plan on behalf of Kirshenbaum from 1978 to 2004. The amount of contribution was initially 7 percent of his annual base salary per year. Subsequently, the amount increased to 10 percent of his annual base salary per year.

14. Kirshenbaum became fully vested in the Plan, after 10 years of continuous service, in 1988.

15. Contributions to the Plan were placed in agency invested pooled funds or money market funds according to elections made by participants each year.

16. Kirshenbaum elected that contributions on his behalf be placed in the agency invested pooled funds.

17. Kirshenbaum voluntarily left the employment of JBFCS in June 2004.

18. Upon information and belief, the current value of Kirshenbaum's vested amount in the Plan is in excess of $700,000.

19. Participants in the Plan were entitled to receive a distribution of vested amounts in the Plan upon their "early" or "normal" retirement date.

20. Under the Plan, the early retirement date is any date within 10 years of a participant's 65th birthday.

21. The Plan provided that participants could take a loan of up to $50,000 against their vested amount in the Plan.

22. Kirshenbaum took a loan of $50,000 from the Plan in or about 1997.

23. In December 2006, Kirshenbaum wrote to JBFCS requesting a distribution from the Plan of $650,000 to be paid in January 2007. The request contemplated that $50,000 of Kirshenbaum's vested amount would be used to repay his loan.

24. Kirshenbaum was 64 in January 2007.

25. Despite due demand, JBFCS has failed and refused to pay Kirshenbaum any portion of his vested amount under the Plan.

26. On June 1, 2007, counsel for Kirshenbaum wrote to JBFCS requesting that JBFCS place his vested amount in a money market fund so that he was no longer subject to market volatility.

27. Upon information and belief, JBFCS has not placed Kirshenbaum's vested amount in a money market fund, thereby subjecting his vested amount to market volatility.

## THE SETTLEMENT AGREEMENT

28. In or about November 2003, Kirshenbaum and JBFCS entered into a Settlement Agreement, General Release and Waiver (the "Settlement Agreement").

29. Pursuant to the terms of the Settlement Agreement:

(a) Kirshenbaum's employment with JBFCS was to end on June 30, 2004;

(b) Kirshenbaum was to receive one year's salary as severance in the amount of $132,224.87;

(c) Kirshenbaum was to be paid a full or partial amount of his vested amount in the Plan, at his request made any time after January 1, 2005;

(d) JBFCS was to pay premiums on four life insurance policies until Kirshenbaum reached the age of 65, and

(e) JBFCS was to pay Kirshenbaum a differential amount, reflecting the loss of UJA pension monies ("the UJA Pension") due to his early retirement.

30. Kirshenbaum ended his employment with JBFCS on June 30, 2004, although he continued to do work as an independent consultant thereafter at JBFCS's request.

31. JBFCS paid two installments toward Kirshenbaum's severance payment in a total amount of $90,000 leaving a balance due January 1, 2007 in the amount of $42,224.87.

32. Despite due demand, JBFCS has failed and refused to:

(a) pay Kirshenbaum the remainder of his severance pay;

(b) pay Kirshenbaum any amount of his vested amount in the Plan;

(c) pay the premiums on Kirshenbaum's four life insurance policies; and

(d) pay Kirshenbaum the differential amount on his UJA Pension monies.

33. The Settlement Agreement further provides that one seeking to enforce the terms of the Settlement Agreement is entitled to reasonable attorneys' fees, costs and disbursements.

## COUNT I
(VIOLATION OF ERISA)

34. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 33 above.

35. By the express terms of the defendant Plan, Kirshenbaum was entitled to receive his vested amount in the Plan upon retirement..

36. Despite Kirshenbaum's retirement, defendant has failed and refused to pay the amount due and owing to plaintiff.

37. By failing to pay the monies due plaintiff according to the terms of the Plan, defendant has violated ERISA, 29 U.S.C 1132(a)(1)(B).

38. By reason of the foregoing, plaintiff is entitled to a benefit in an amount believed to exceed $650,000.

39. By reason of the foregoing, plaintiff is entitled to reimbursement for all costs, disbursements and attorneys' fees incurred in recovering monies due from the JBFCS Supplementary Pension Plan.

## COUNT II
(BREACH OF CONTRACT)

40. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 39 above.

41. The Settlement Agreement is a valid and binding contract between Kirshenbaum and JBFCS.

42. JBFCS has breached its obligations under the Settlement Agreement by failing to distribute to Kirshenbaum his vested amounts in the Plan.

43. JBFCS has further breached the Settlement Agreement by failing to pay Kirshenbaum his severance, life insurance premiums, and differential pension monies.

44. Plaintiff was damaged by defendant's foregoing breaches in an amount believed to exceed $750,000 plus reasonable costs, disbursements and attorneys' fees.

**WHEREFORE**, plaintiff respectfully requests that this Court grant judgment for plaintiff and that it order and award plaintiff the following relief against defendant:

(1) benefits under the JBFCS Supplementary Pension Plan in an amount to be proved at

trial;

(2) damages for breach of contract in an amount to be proved at trial;

(2) Attorneys' fees;

(3) Costs and disbursements;

(4) Interest; and

(5) Such other and further relief to the plaintiff as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands trial by jury on Count II of his complaint.

Dated:   New York, New York
         July 16, 2007

                              BANTLE & LEVY LLP

                              *[signature]*
                              By: Lee F. Bantle (LB-7036)
                              Attorneys for Plaintiff
                              817 Broadway
                              New York, New York 10003
                              212.228.9666